IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| LIDIO GUTIERREZ<br>*Plaintiff*<br><br>vs.<br><br><br>SHARKEY TRANSPORTATION, INC.<br>*Defendant* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. _____ |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Pursuant to 28 U.S.C. §§1441, 1446, 1332, and 1331 Defendant, Sharkey Transportation, Inc. hereby removes this action to this Court, on the basis of diversity jurisdiction and federal question jurisdiction, and in support thereof show as follows:

### I.
### UNDERLYING STATE COURT SUIT
### MADE BASIS OF REMOVAL

1. This action was filed on August 25, 2015 in the 111th Judicial District Court, Webb County, Texas as Cause No. 2015-CVT-002875-D2. While the "Plaintiff's Original Petition" was filed on August 25, 2015 a copy of the summons and a copy of the complaint (or "Plaintiff's Original Petition") was not served on Defendant Sharkey Transportation, Inc. (hereinafter, "STI") until September 4, 2015. Therefore, this Notice of Removal is timely.

2. Because the underlying action was filed in the 111th Judicial District Court, Webb County, Texas, the United States District Court for the Southern District of Texas – Laredo Division embraces the place where this action was filed. See 28 U.S.C. §1441(a).

3. The Docket Sheet for Cause No. 2015-CVT-002875-D2 before the 111th Judicial District Court, Webb County, Texas identifies that Citation was served upon STI on September 4, 2015. Defendant STI has filed this notice of removal within the 30-day time period required by 28 U.S.C. §1446(b).

## II.
## DIVERSITY OF CITIZENSHIP
## SUBJECT MATTER JURISDICTION EXISTS

4. Removal is proper because there is complete diversity between all parties. 28 U.S.C. §1332(a); *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991). The district courts of the United States have original jurisdiction over this action based on diversity of citizenship among the parties. Specifically, diversity jurisdiction exists pursuant to the following:

- <u>28 U.S.C. §1332(a)(1)</u>

"citizens of different States"

In short, there is complete diversity of citizenship. There is one (1) Plaintiff and one (1) Defendant. The Plaintiff is a citizen of Texas. The sole Defendant is not a citizen of Texas. Because complete diversity exists, federal subject matter jurisdiction exists.

### A. The Plaintiff is a Citizen of Texas

7. The August 25, 2015 "Plaintiffs' Original Petition" identifies the sole Plaintiff as Lidio Gutierrez, residing at 2402 San Salvador, Laredo, Webb County, Texas 78046[1]. STI contends that Plaintiff is a citizen of Texas. While the "Plaintiff's Original Petition" fails to specifically state the citizenship of the Plaintiff, it is the contention of STI that Plaintiff is a citizen of

---

[1] See paragraph 3.1 of the "Plaintiff's Original Petition."

Texas.[2].

### B. The Defendant Is Not A Citizen of Texas

8. Defendant, Sharkey Transportation, Inc. (hereinafter, "STI") was incorporated in Iowa. STI's principal place of business Quincy, Adams County, Illinois[3]. STI is not a citizen of Texas.

9. Therefore, complete diversity of citizenship exists between the Plaintiff (citizen of Texas) and Defendant STI (citizen of Iowa and Illinois).

### C. The Amount in Controversy Exceeds $75,000.00.

10. It is facially apparent from the Plaintiff's Original Petition that the claim for damages and relief for the Plaintiff exceeds the sum of $75,000.00, exclusive of interest, costs and attorneys fees[4]. Paragraph 10.1 of page 9 of the Plaintiff's Original Petition states as follows:

> "Plaintiff affirmatively pleads that he seeks monetary relief over $200,000.00 but no more than $1,000,000.00."

11. This case involves a vehicle collision that occurred in Laredo, Webb County, Texas. Plaintiff's Original Petition specifically states in paragraphs 9.1 through 9.1.6 of pages 8 and 9 that the Plaintiff seeks recovery of damages under each of the following:

    a. reasonable and necessary medical expenses in the past;

---

[2] In the event that it is argued that the Plaintiff is a foreign citizen, federal diversity of citizenship jurisdiction also exists pursuant to 28 U.S.C.§ 1332(a)(2) which provides for diversity jurisdiction between:

> "citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State"

[3] A corporation is a citizen of both the state where it was incorporated and the state where it has its principal place of business. *See Getty Oil Corp v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988); *Hertz Corp. v. Friend*, 130 S.Ct. 1181 (2010).

[4] STI denies liability and further denies that Plaintiff is entitled to the damage claim(s) amount(s) sought.

  b.  reasonable and necessary medical expenses in the future;

  c.  physical pain and suffering in the past;

  d.  physical pain and suffering in the future;

  e.  physical impairment in the past;

  f.  physical impairment in the future;

  g.  lost of earnings in the past;

  h.  lost earning capacity in the future

12. Combining the elements of damages sought by Plaintiff in items (a) through (h), the Plaintiff clearly seeks recovery of at least $75,000.00[5].

### III.
### FEDERAL QUESTION
### SUBJECT MATTER JURSDICTION EXISTS

13. In addition to diversity of citizenship subject matter jurisdiction, federal question subject matter jurisdiction also exists pursuant to 28 USC §1331. In pages 6 and 7 of the Plaintiff's Original Petition the Plaintiff has expressly asserted affirmative claims for relief against Defendant under the laws of the United States. Plaintiff's Original Petition claims that Defendant violated Federal Motor Carrier Safety Regulations contained within the Code of Federal Regulations. Specifically, the Plaintiff's Original Petition alleges that Defendant is liable for the alleged violation of the following provisions of the Code of Federal Regulations ("CFR"):

  - Paragraph 7.1.1 of the Plaintiff's Original Petition alleges a violation of 49 CFR § 392.2;

---

[5] Defendant does not agree that it has liability and disputes claim(s) for relief and dollar amount(s) sought from it by Plaintiff. Rather, this information is set forth to demonstrate that the "amount in controversy" has been satisfied.

- Paragraph 7.1.2 of the Plaintiff's Original Petition alleges a violation of 49 CFR §383.111;

- Paragraph 7.1.3 of the Plaintiff's Original Petition alleges a violation of 49 CFR 383.111(c)(5);

- Paragraph 7.1.4 of the Plaintiff's Original Petition alleges a violation of 49 CFR 383.111(c)(6)

While Defendant denies the claims of alleged violations of federal law, it is clear that Plaintiff seeks recovery against Defendant in claims arising under federal law. Therefore, federal subject matter jurisdiction exists pursuant to 28 U.S.C. §1331.

## IV.
## OTHER PROCEDURAL MATTERS

14.   All documents required by Local Rule 81 to be filed with this Notice of Removal are attached and indexed in Exhibit 1.

## V.
## NOTICE TO ADVERSE PARTY AND STATE COURT

15.   Pursuant to 28 U.S.C. §1446(d), Defendant will promptly give written notice of the filing of this Notice for Removal to Plaintiff and will file a copy of the Notice of Removal with the Clerk of the 111th Judicial District Court, Webb County, Texas.

## VI.
## CONCLUSION AND PRAYER

Sharkey Transportation, Inc. prays that this case be removed from the 111th Judicial District Court, Webb County, Texas, to this United States District Court for the Southern District of Texas - Laredo Division because there exists complete diversity between the parties and because Plaintiff seeks relief in claims arising under federal law.

Further, in the event that the Plaintiff seeks to remand this matter, Defendant respectfully requests sufficient opportunity to conduct discovery in order to address any challenge to the

subject matter jurisdiction of this court, as well as such other and further relief, both at law and in equity, to which Defendant may be justly entitled.

                                                      Respectfully submitted,

By:   /s/ *Mike Mills*
       Mike Mills
       Federal I.D. No. 8316
       Texas State Bar No. 14163500
       ATLAS, HALL & RODRIGUEZ, LLP
       P. O. Drawer 3725 (78502)
       818 West Pecan Boulevard
       McAllen, Texas 78501
       (956) 682-5501
       (956) 686-6109 – Facsimile
       **Attorney for Defendant**
       **Sharkey Transportation, Inc.**

**OF COUNSEL:**
ATLAS, HALL & RODRIGUEZ, LLP
P. O. Drawer 3725 (78502)
818 West Pecan Boulevard
McAllen, Texas 78501
(956) 682-5501
(956) 686-6109 – Facsimile
**Email: mkmills@atlashall.com**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing *"Notice of Removal"* filed by Defendant Sharkey Transportation, Inc. has on the 2nd day of October, 2015 been forwarded to counsel in the manner prescribed as follows:

Javier Villarreal
VILLARREAL & BEGUM, PLLC
2401 Wild Flower Drive, Suite A
Brownsville, Texas 78526
*Via Facsimile: (956) 544-4444*
*Via email: texasattorney@hotmail.com*
**Counsel for Plaintiff**

                                                  /s/ *Mike Mills*
                                                  Mike Mills