# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## LAREDO DIVISION

| | | |
|---|---|---|
| LIDIO GUTIERREZ<br>*Plaintiff* | §<br>§<br>§ | |
| | § | CIVIL ACTION NO. _____ |
| vs. | §<br>§<br>§<br>§ | |
| | § | |
| SHARKEY TRANSPORTATION, INC.<br>*Defendant* | §<br>§<br>§ | |

---

## INDEX OF MATTERS BEING FILED
## AND LIST OF ALL COUNSEL OF RECORD

---

Defendant Sharkey Transportation, Inc. ("Defendant") submits this *Index of Matters Being Filed and List of All Counsel of Record* pursuant to Local Rule 81 of the United States District Court for the Southern District of Texas.   Pursuant to the Local Rule 81, the following items are being filed with the *Notice of Removal* filed by Defendant:

1.   *Index of Matters Being Filed and List of All Counsel of Record*;

2.   Copies of all executed process, pleadings asserting causes of action and all orders signed by the state judge as follows:

    A.   Plaintiff's Original Petition;

    B.   Citation by personal service; and

    C.   Defendant's Original Answer.

3.   A copy of the state court docket sheet.

4.  The parties' respective attorneys are as follows:

A.  ATTORNEY FOR PLAINTIFF:

Javier Villarreal
**VILLARREAL & BEGUM, PLLC**
2401 Wild Flower Drive, Suite A
Brownsville, Texas 78526
(956) 544-4444
(956) 550-0877 – Fax
texasattorney@hotmail.com

B.  ATTORNEYS FOR DEFENDANT:

Mike Mills
TSBN 14163500 / SDOTBN 1211
**ATLAS, HALL & RODRIGUEZ, LLP**
818 W. Pecan Blvd. (78501)
P.O. Box 3275
McAllen, Texas 78502
Tel:     (956) 682-5501
Fax:     (956) 686-6109
mkmills@atlashall.com

Dated: October 2, 2015.

# EXHIBIT 2-A

Filed
8/25/2015 11:31:34 AM
Esther Degollado
District Clerk
Webb District
Gloria Noriega
2015CVT002875D2

NO. _____

| | | |
|---|---|---|
| **LIDIO GUTIERREZ** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| **SHARKEY TRANSPORTATION, INC.** | § | |
| **Defendants.** | § | **WEBB COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE, REQUESTS FOR ADMISSIONS, INTERROGATORIES, AND REQUESTS FOR PRODUCTION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES PLAINTIFF, LIDIO GUTIERREZ, complaining of and about,

SHARKEY TRANSPORTATION, INC., hereinafter called Defendants, and for cause of

action shows unto the Court the following:

### 1.
### DISCOVERY CONTROL PLAN LEVEL

1.1    Discovery shall be conducted under Level 3 pursuant to Rule 190.4 of the

Texas Rules of Civil Procedure.

### 2.
### DISCOVERY INCLUDED

2.1    This Petition includes Plaintiff's Request for Disclosure, Interrogatories,

Requests for Admission, and Requests for Production.

### 3.
### PARTIES AND SERVICE

3.1    Plaintiff, Lidio Gutierrez, an individual whose address is: 2402 San Salvador,

*Plaintiff's Original Petition*
*Page 1*

Laredo, Texas 78046, and brings this action individually.

3.2     Defendant, Sharkey Transportation, Inc., is a foreign Company stationed in Quincy, Iowa and is organized under the laws of the State of Iowa. Service of process on the Defendant may be effected pursuant to article 2.11(A) of the Texas Business Organizations Code, by serving the registered agent of the corporation, Jack R. Sharkey at 3803 Dye Road Box 3156, Quincy, Iowa 62305, its registered office.  Service of said Defendant as described above can be effected by certified mail.

## 4.
## JURISDICTION AND VENUE

4.1     The subject matter in controversy is within the jurisdictional limits of this court.

4.2     Venue in Webb County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## 5.
## FACTUAL BACKGROUND
The Collision

5.1     This lawsuit concerns a motor vehicle collision which occurred on November 6, 2014.  The collision occurred between a 2000 Ford F150 driven by the Plaintiff, Lidio Gutierrez and a 2014 Mack Trucks, Inc. driven by George Lahr under the authority and control of Defendant, Sharkey Transportation, Inc.

5.2     The vehicular collision occurred on a Thursday evening at the 5200 block of Bob Bullock Loop, within the city limits of Laredo, Texas. With respect to the area where the collision occurred, Bob Bullock Loop consists of two southbound lanes, two northbound

lanes and a middle turning lane.

5.3    At all times herein, Plaintiff, Lidio Gutierrez was operating his vehicle in a reasonable and prudent manner, exercising ordinary care for his safety and the safety of others.  Immediately prior to and at the time of the collision, Lidio Gutierrez was traveling southbound on Bob Bullock Loop. At the same time, George Lahr was traveling westbound on a private drive attempting to make left turn onto Bob Bullock Loop on the same block where Mr. Gutierrez was traveling. The incident ensued when Defendant failed to yield the right-of-way to Mr. Gutierrez's vehicle and proceeded to enter Bob Bullock, thereby colliding into Mr. Gutierrez's vehicle.

5.4    The following is a sketch excerpted from the official police report which was made by the police officer who investigated the collision, Officer Rene Arce, Id No. 6181, of the Laredo Police Department:



<u>The Injuries</u>

5.5     Lidio Gutierrez suffered physical and emotional injuries as a result of this collision. Mr. Gutierrez was diagnosed with cervical and lumbar sprains/strains and multiple bulging discs and herniation to his lower back. Mr. Gutierrez has undergone extensive physical therapy, daily medication and injections to control the pain caused by the injuries sustained in this vehicular collision. Due to the temporary results obtained through pain management, he decided to undergo a microdiscectomy to alleviate the pain to his back. In all probability Mr. Gutierrez will continue to incur medical expenses in the future to alleviate his pain. Mr. Gutierrez was healthy prior to this collision.

<u>The Employment Relationship Between the Defendants and<br>The Resulting Vicarious Liability</u>

5.6     At the time of the collision which is the subject of this cause of action, and at all other relevant times, George Lahr was an employee of Sharkey Transportation, Inc., who was acting within the course and scope of his employment. In this regard, George Lahr was an employee insofar as the master-servant relationship under common law is concerned.

5.7     Alternatively, and at all relevant times herein, George Lahr was a "statutory employee" under the statutory employee doctrine. In this regard, an interstate motor carrier (such as Sharkey Transportation, Inc.) is required to assume full direction and control of the vehicles that it leases, and the drivers that it hires or dispatches, pursuant to 49 U.S.C.A. §14102(a) (1997). As a result, Sharkey Transportation, Inc., had exclusive control of the tractor-trailer which George Lahr was operating, and such carrier is deemed to have assumed complete responsibility for the operation of the commercial motor vehicle

at all relevant times, in accordance with 49 C.F.R. §§376.11-.12(2000).  As a result, Sharkey Transportation, Inc., is vicariously liable in this cause of action as a matter of law under the Federal Motor Carrier Safety Regulations for any and all negligence of George Lahr.

5.8    Alternatively, Sharkey Transportation, Inc., is vicariously liable with respect to all negligence of George Lahr under the traditional common-law doctrines of the master-servant relationship and *respondeat superior*.

## 6.
## – NEGLIGENCE OF GEORGE LAHR & RESPONDEAT SUPERIOR –

6.1    At the time of the occurrence of the act in question and immediately prior thereto, George Lahr was within the course and scope of his employment and within the general authority of Sharkey Transportation, Inc.

6.2    At the time of the occurrence of the act in question and immediately prior thereto, George Lahr was engaged in the furtherance of Defendant Sharkey Transportation, Inc.'s business and for the accomplishments of the Defendant's business.

6.3    George Lahr had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

6.4    The negligent, careless and reckless disregard of said duty by George Lahr consisted of, but is not limited to, the following acts and omissions:

6.4.1  In that Defendant's employee, George Lahr, was negligent by failing to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

6.4.2  In placing Plaintiff in a position of peril due to George Lahr's lack of due care and exercise of ordinary prudence of a person of his maturity and capacity in violation of §545.401 of the Texas Transportation Code;

6.4.3  In that Defendant's employee, George Lahr, was negligent by failing to operate a commercial vehicle of this type in a reasonably prudent or responsible manner in violation of 49 C.F.R.§ 392.2.;

6.4.4  In failing to yield the right-of-way to Plaintiff's motor vehicle which would permit the Defendant's employee to bring his motor vehicle to a safe stop without colliding into Plaintiffs' motor vehicle in violation of §545.152 of the Texas Transportation Code; and/or

6.4.5  In operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances §545.351 of the Texas Transportation Code.

6.5     The physical injuries and damages incurred by the Plaintiff were proximately caused by George Lahr's negligent operation of Defendant's commercial vehicle.

6.6     Plaintiff invokes the doctrine of *Respondeat Superior* against Defendant Sharkey Transportation, Inc. for the negligent acts of its employee, George Lahr.

**7.**
**VIOLATION OF FEDERAL MOTOR CARRIER SAFETY REGULATIONS (FMCSR)**

7.1     In addition to duties which George Lahr and Sharkey Transportation, Inc., owed the motoring public, including Plaintiff, under the common law of this state, Defendants owed duties under and that are governed by, at all relevant times, the FMCSR. According to the FMCSR, Sharkey Transportation, Inc., was considered a motor carrier or operator of the commercial motor vehicle which George Lahr was driving at the time of this incident.  As such, Defendant's employee, Carlos Alberto Alvarez, is deemed to have violated the Code of Federal Regulations in the following ways:

7.1.1   In failing to operate the commercial vehicle in accordance with the laws, ordinances and regulations of the jurisdiction in which it is being operated as would have been done by an ordinary prudent person of the same age, experience, intelligence and capacity, in the exercise of ordinary care, acting in the same or similar circumstances, to such an extent as his conduct would result in disregard for the safety of Plaintiff (49 CFR § 392.2);

7.1.2   In failing to have the required  knowledge in the proper use of the truck's safety system, including lights, horns, side and rear view mirrors, proper mirror adjustments, and vehicle operation characteristics. (49 CFR § 383.111);

7.1.3   In failing to do a proper visual search of his surrounding by the use of mirrors, ahead and to the sides in order to avoid contact with Plaintiff (49 CFR § 383.111 (c)(5)); and/or

7.1.4   In failing to communicate with surrounding traffic by using lights to signal his change in direction or change in speed and using his horn to signal his presence (49 CFR § 383.111(c)(6)).

7.2     Each of the aforementioned negligent acts or omissions of Defendants' employee, George Lair, constituted a proximate cause of the collision, resulting in damages and injuries to the Plaintiff.

7.3     With respect to the actual damages caused by Defendant's employee, George Lair, it is noted Sharkey Transportation, Inc., is vicariously liable, jointly and/or severally, with respect to all such damages. This is the result of the application of *respondeat superior*, as described more particularly herein.

## 8.
## –NEGLIGENCE OF SHARKEY TRANSPORTATION, INC.–

8.1     On November 6, 2014, Defendant, Sharkey Transportation, Inc., was the owner of the motor vehicle operated by George Lahr. Defendant, Sharkey Transportation,

Inc., negligently entrusted the vehicle to George Lahr, a reckless and incompetent driver. Defendant knew, or through the exercise of reasonable care should have known, that George Lahr was a reckless and incompetent driver.

8.2    Furthermore, and alternatively, Sharkey Transportation, Inc., owed Plaintiff a duty to hire, supervise, train and retain competent employees. Defendant breached that duty by negligently training, supervising, hiring and retaining Defendant, George Lahr, consisting of, but not limited to the following:

8.2.1  In failing to exercise ordinary care in implementing adequate training procedures for drivers;

8.2.2  In failing to exercise ordinary care in implementing adequate continued education for all drivers;

8.2.3  In failing to exercise ordinary care in implementing adequate supervision procedures;

8.2.4  In failing to adequately screen George Lahr's driving record prior to hiring him; and/or

8.2.5  In failing to exercise ordinary care in determining whether George Lahr was competent enough to be hired.

8.3    Each of the aforementioned negligent acts or omissions of the Defendant constituted a proximate cause of the collision resulting in damages and injuries to the Plaintiff.

## 9.
## DAMAGES FOR PLAINTIFF, LIDIO GUTIERREZ

9.1    As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Lidio Gutierrez was caused to suffer bodily injuries, and to incur the following damages:

9.1.1   Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Lidio Gutierrez for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Webb County, Texas;

9.1.2   Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

9.1.3   Physical pain and suffering in the past and in the future;

9.1.4   Physical impairment in the past and which, in all reasonable probability, will be suffered in the future;

9.1.5   Loss of earnings in the past and which will, in all probability, be incurred in the future; and

9.1.6   Mental anguish in the past and in the future.

## 10.
## MAXIMUM AMOUNT CLAIMED

10.1   Plaintiff seeks damages within the jurisdictional limits of this court. Pursuant to pleading requirements under Texas Rules of Civil Procedure 47, Plaintiff affirmatively pleads that he seeks monetary relief over $200,000.00 but no more than $1,000,000.00.

## 11.
## REQUEST FOR DISCLOSURES TO BOTH DEFENDANTS

11.1   Pursuant to Rule 194, you are requested to disclose, within 50 days after service of this request, the information or material described in Rule 194.2(a)-(l) at the address of the attorney for Plaintiff.

## 12.

## REQUEST FOR INTERROGATORIES AND PRODUCTION TO DEFENDANT SHARKEY TRANSPORTATION, INC.

12.1    Plaintiff propounds the following Interrogatories pursuant to Rule 197 and Request for Production pursuant to Rule 196 of the Texas Rules of Civil Procedure. You are instructed to answer the following Interrogatories separately, fully, and under oath if required by Rule 197.2 Answers are due to Plaintiff counsel's address within 50 days from service of these Interrogatories. Demand is made that you supplement your answers to these Interrogatories as required by Rule 193.5. You are further instructed to produce or permit the undersigned attorney to inspect and copy or reproduce the requested items at the offices of Plaintiff's attorney. Responses are due within 50 days of service of these Requests for Production. You are asked to supplement your responses as required under the Rules.

*Interrogatories*

12.1.1        Please state the full name, address, telephone number, date of birth, driver's license number, and occupation of the person answering these interrogatories. If you are answering these interrogatories as the authorized representative of **Sharkey Transportation, Inc.**, please state your full and correct title and position within the organizational structure of **Sharkey Transportation, Inc.**

12.1.2        Please state the name(s) of the registered owner of the tractor-trailer that George Lahr was operating on November 6, 2014.

12.1.3    Please state the name of the person or company that employed George Lahr to operate the vehicle on November 6, 2014 and by whom he was being compensated; how he was being compensated (i.e. job; contract; by the hour) and how much.

12.1.4    Please explain whether George Lahr was operating the vehicle with the Defendant's permission when this accident occurred and whether he was in the process of furthering the interests of the Defendant, just minutes before the accident happened.

12.1.5    Please state the address, telephone number, date of birth, driver's license number of George Lahr and whether he is still employed by the Defendant.

12.1.6    What is the name of George Lahr's direct supervisor?

12.1.7    Describe your understanding as to how the collision occurred and state specifically and in detail what the claim or contention of the defendant will be regarding any contributing cause of the collision, including a statement of the facts or information upon which this contention is based.

12.1.8    Was the tractor-trailer operated by George Lahr on November 6, 2014 damaged in any way as a result of this incident? If so, please describe in detail the damages sustained by this vehicle and the estimated and/or actual cost of repairs.

12.1.9    What is the business purpose of the Defendant and how does is it relate to the tractor-trailer operated by George Lahr on November 6, 2014?

12.1.10   Other than the police report, does the Defendant have in its possession any written or oral statements made by the Plaintiff, George Lahr or anyone having first hand knowledge of the events that are the subject of this lawsuit, including but not limited to: recorded statements; written statements; and/or post-accident report(s) submitted to insurance carrier or employer?

12.1.11   Are you aware of any conversations George Lahr had with the plaintiff or any other party or witness to this accident. Specify as best as possible what each person said.

12.1.12   State the name, address and telephone number of the person or company responsible for performing regular maintenance and/or repairs on the tractor-trailer operated by George Lahr on November 6, 2014.

12.1.13   Describe in detail what injuries, if any, George Lahr received in the collision. If he filed any worker's compensation claims for injuries allegedly suffered in the accident in question, describe his claimed injuries, give the name of the workers' compensation company involved in his claim, tell when and where he filed his claim and the name and address of the lawyer, if any, who is assisting George Lahr in the claim.

12.1.14   Please explain in detail the application process by which you consider driver's for employment, including but not limited to, written information requested; record checks; references; drug tests; driving tests; written tests.

12.1.15   Please explain your policy regarding the frequency and method(s) of supervision of a driver such as George Lahr.

12.1.16   Please list the names and/or types of employment manuals, policy manuals, safety manuals, training manuals and any other manual given to George Lahr during his employment with you.

12.1.17   As to each motor vehicle accident George Lahr has been involved in and each traffic violation for which he has either paid a fine or attended a school in lieu of a fine for the last seven years, give the following information as required to be kept: a) Where it occurred (State, City, county, Court). b) When it occurred (Month, Day, Year). c) All injuries claimed and when and where any claims or suits were filed. d) Final disposition or current status of each traffic violation and accident.

12.1.18    Does the Defendant know whether George Lahr had any felony convictions prior to November 6, 2014 (not exceeding 10 years from date of prison release). If so, please enumerate each conviction with its respective year and place/county/state of disposition.

12.1.19    Was a drug or alcohol test administered within 24-hours of the collision in question? If so, what was the result of each test? If one was not administered, please state the reason.

12.1.20    Has the tractor-trailer involved in the accident made the basis of this suit been involved in any other motor vehicle accidents prior to the accident of November 6, 2014?

*Documents to be Produced*

12.1.21    A copy of George Lahr's driver's license.

12.1.22    A copy of the written records of George Lahr's qualification file, as required to be kept by **Sharkey Transportation, Inc.**

12.1.23    A copy of the written record of George Lahr's application for employment, as required to be kept by **Sharkey Transportation, Inc.**

12.1.24    A copy of the written record of George Lahr's past employers who were contacted prior to hiring and a copy of the response by each State agency involving investigations and inquiries, as required to be kept by **Sharkey Transportation, Inc.**

12.1.25    A copy of the written record of George Lahr's driver's road test issued to the driver, or a copy of the license or certificate which the motor carrier accepted as equivalent to the driver's road test, as required to be kept by **Sharkey Transportation, Inc.**

12.1.26    A copy of the written record of each State agency response to George Lahr's annual driver record inquiry, as required to be kept by **Sharkey Transportation, Inc.**

12.1.27    A copy of the written record of George Lahr's annual review as required to be kept by **Sharkey Transportation, Inc.**

12.1.28    A copy of the written record of George Lahr's violation of motor vehicle laws and ordinances, as required to be kept by **Sharkey Transportation, Inc.**

12.1.29    A copy of George Lahr's vehicle daily inspection reports of the vehicle he was driving on November 6, 2014, as required to be kept by **Sharkey Transportation, Inc.**

12.1.30    A copy of the written record of George Lahr's medical examiner's certificate to drive commercial motor vehicles, as required to be kept by **Sharkey Transportation, Inc.**

12.1.31    A copy of the written record of any controlled substance or alcohol misuse by George Lahr, as required to be kept by **Sharkey Transportation, Inc.**

12.1.32    Any records or documentation (medical or non-medical) concerning George Lahr that would indicate whether George Lahr was using alcohol and/or drugs (including prescription or nonprescription, legal or illegal drugs) within forty-eight (48) hours prior to the collision in question.

12.1.33    Any records or documentation (medical or non-medical) concerning George Lahr that would indicate that George Lahr had alcohol and/or drugs (including prescription or nonprescription, legal or illegal), or metabolites of alcohol and/or drugs (including prescription or nonprescription, legal or illegal) in the bloodstream or urine at the time of or the time following the collision in question.

12.1.34    Any records or documentation (medical or non-medical) that would indicate that George Lahr was a user of any

illegal substance(s) within three (3) years preceding the collision in question.

12.1.35      Produce any and all documents regarding any unemployment claim, worker's compensation claim or any other type of claim filed by George Lahr relating to his employment with your company for the period three (3) years prior to the day of the collision, which is the subject of this lawsuit, and up to the present day.

12.1.36      Please provide George Lahr's training record.

12.1.37      Please provide all materials used by you to train George Lahr, including, but not limited to, all manuals, videotapes, seminar materials and pamphlets.

12.1.38      Please provide all receipts signed by George Lahr evidencing his receipt of the materials used to train him.

12.1.39      Please provide all books, pamphlets, memorandum, letter, or other documents containing your policy on alcohol misuse and controlled substance use.

12.1.40      Please provide all receipts signed by George Lahr evidencing his receipt of books, pamphlets, memorandum, letter, or other documents containing your policy on alcohol misuse and controlled substance use.

12.1.41      Please provide all materials, letters, manuals, and/or memorandums describing the company's policy regarding the supervision and retention of its employees, including but not limited to any grading system used to keep track of employee performance (i.e: ride-along; points systems; shadowing driver; following driver; complaint telephone numbers).

12.1.4 2      Please provide any documentation concerning George Lahr involving disciplinary actions, demerits, reprimands or incidents indicating less than satisfactory job performance.

12.1.43    Please provide any cell phone bills that would show whether or not George Lahr was using a cell phone on November 6, 2014. This request includes, but is not limited to, cell phone bills for the day of the wreck.

12.1.44    Please provide any and all documents related to George Lahr's employment as a driver, including but not limited to log books, trip sheets, fuel receipts, work orders, bills of lading, com. card receipts, expense records and any other documents that would show George Lahr's trip movements for November 6, 2014 and ten (10) days prior.

12.1.45    Please provide any documentation evidencing the cargo being transported on November 6, 2014 the owner, destination and delivery due date of said cargo, including but not limited to bill(s) of lading.

12.1.46    Please provide any all contract carrier permits issued to you by the Interstate Commerce Commission which were in effect at the time of the November 6, 2014 collision.

12.1.47    Please provide a copy of the title and registration of the vehicle driven by George Lahr that is the subject of this lawsuit.

12.1.48    Please provide documentation evidencing **Sharkey Transportation, Inc.'s** ownership of the vehicle operated by George Lahr on November 6, 2014, which is the subject of this lawsuit.

12.1.49    A copy of the Inspection, Repair and Maintenance of the vehicle driven by George Lahr on November 6, 2014.

12.1.50    All citations or warnings issued by any governmental agency dating one year prior to November 6, 2014, for the vehicle driven by George Lahr which is the subject of this lawsuit, regardless of whether George Lahr was driving the vehicle when the citation or warning was issued.

12.1.51    Please provide all documents and tangible things that comprise, reflect, or relate in any way to any repairs or maintenance made at any time on the vehicle which George Lahr was driving for the period of three (3) years prior to the date of accident, November 6, 2014, and up to the present day; including but not limited to maintenance log book(s) and repair log book(s).

12.1.52    All repair orders, repair receipts, and repair estimates for the vehicle driven by George Lahr for the period of three (3) years prior to the date of accident, November 6, 2014, and up to the present day.

12.1.53    All documents which refer or relate to the property damage, including estimates or appraisals and photographs, of the motor vehicles involved in the collision made the basis of this lawsuit.

12.1.54    Any and all photographs or videos in your possession which depict any and all of the motor vehicles involved in the collision which is the subject of this lawsuit, including, but not limited to the vehicle driven by the Plaintiffs and those of the motor vehicle which was driven by George Lahr (pre-collision photographs and post-collision photographs). Please supply 8" x 10" photographs.

12.1.55    Copies of any and all statements in Defendant's possession of any person having knowledge of relevant facts concerning the subject matter of this lawsuit, including any written statement and any stenographic, mechanical, electrical or other type of recording or any transcription thereof made by any person with relevant facts hereto and contemporaneously recorded.

12.1.56    Please provide all documents which constitute any and all communication or correspondence between **Sharkey Transportation, Inc.** and your liability insurance carrier or its employees (including, but not limited to, any and all correspondence between you and your liability insurance carrier which you sent or received) between November 6, 2014 and the day on which you or your liability insurance carrier were notified that **Lidio Gutierrez** was represented by legal counsel.

12.1.57 Please provide all investigation notes, reports, and correspondence which refer to any aspect of the November 6, 2014 collision made the basis of this claim before notice of this suit was received.

12.1.58 Please provide all letters, memorandums, and other written correspondence which was sent by **Sharkey Transportation, Inc.** to any and all employees, agents or representatives of your liability insurance carrier or which was received by you from any and all employees, agents, or representatives of you liability insurance carrier and which are not privileged under the Texas Rules of Civil Procedure.

12.1.59 Please provide all taped or audio recordings made of conversations or conferences (telephonic or face-to-fact) between **Sharkey Transportation, Inc.** and any and all employees, agents or representatives of your liability insurance carrier, same which your company has a superior right to obtain from your liability insurance carrier, and same which are not privileged under the Texas Rules of Civil Procedure.

12.1.60 Please provide the recording of the mechanism installed on the vehicle that struck Plaintiffs' automobile that records and documents the time of use/non-use and/or speed of the truck which is sometimes commonly referred to as a "TAC graph" or "TAC readout."

12.1.61 Please provide all photographs of the scene of the collision in your possession.

12.1.62 Please provide all permits or other documents which authorize **Sharkey Transportation, Inc.** to operate as a Motor Carrier at the time of the November 6, 2014 collision which were issued to you, or filed by you or on your behalf with the United States Department of Transportation.

12.1.63 Please provide all permits or other documents which authorize the operation of the motor vehicle which George Lahr was driving at the time of November 6, 2014 collision, which were issued by you, or filed by you

or on your behalf with the United States Department of Transportation.

12.1.64    Please provide all records or documents which you have provided or produced to any state or federal agency pertaining to the November 6, 2014 collision made the basis of this lawsuit.

12.1.65    Please provide a copy of the insurance coverage and/or Declaration Page for the Defendant's vehicle in question.

12.1.66    Please provide a copy of any excess or umbrella policies that could potentially cover this incident.

12.1.67    In the event that the vehicle in questions was not properly insured at the time of the accident in question, please provide financial statements for the last three (3) years of the person or company that owns this vehicle, specifically their "net worth."

12.1.68    Please provide all discoverable correspondence and other documents sent to any testifying expert.

12.1.69    Please provide all discoverable correspondence and other documents received from any testifying expert.

12.1.70    Please provide any and all statements from any witnesses that you intend to use.

12.1.71    Please provide all and any records indicating an awareness on your part that George Lahr was an unsafe driver.

12.1.72.   Please provide all incident reports generated by George Lahr or **Sharkey Transportation, Inc.** relating to the collision on November 6, 2014.

**13.**
## REQUEST FOR ADMISSIONS TO
## SHARKEY TRANSPORTATION, INC.

13.1    Plaintiff makes the following Requests for Admission pursuant to Rule

198 of the Texas Rules of Civil Procedure. Responses are due 50 days after service

of these Requests, and should be made to the address of Plaintiff's attorney. You

must specifically admit or deny each Request. A failure to specifically answer any

Request, or an evasive answer to any Request, will be taken as an admission of

truth of such Request.

13.1.1    Admit that the tractor/trailer driven by **George Lahr** on November 6, 2014, was owned by **Sharkey Transportation, Inc.**

13.1.2    Admit that the time of the accident on November 6, 2014, **George Lahr**, was acting within the course and scope of his employment with **Sharkey Transportation, Inc.**

13.1.3    Admit that the vehicle driven by **George Lahr** was in a dangerous or unsafe condition at the time of the incident made the basis of this suit.

13.1.4    Admit that **George Lahr** failed to operate the vehicle in a reasonably prudent or responsible manner at the time of the incident made the basis of this suit and was solely responsible for causing this accident.

13.1.5    Admit that **George Lahr** failed to keep a proper lookout for Plaintiff's safety at the time of the incident made the basis of this suit and caused the accident.

13.1.6    Admit that **George Lahr** failed to yield the right-of-way at the time of the incident made the basis of this suit and caused the accident.

13.1.7      Admit that **George Lahr** failed to maintain a clear and reasonable distance between Plaintiff's motor vehicle which would permit the Defendant to bring his motor vehicle to a safe stop without colliding into Plaintiff's motor vehicle at the time of the incident made the basis of this suit and caused the accident.

13.1.8      Admit that **George Lahr** failed to control his speed at the time of the incident made the basis of this suit and caused the accident.

13.1.9      Admit that at the time of the accident of November 6, 2014, **Sharkey Transportation, Inc.** had negligently entrusted the vehicle subject of this lawsuit to its employee, **George Lahr.**

13.1.10     Admit that **Sharkey Transportation, Inc.** negligently hired, supervised and/or retained **George Lahr** during his employment.

13.1.11     Admit that **Plaintiff** was injured as a direct and proximate result of **George Lahr** negligence.

13.1.12     Admit that **Lidio Gutierrez** has incurred reasonable and necessary medical expenses as a direct result of the incident which is the subject of this lawsuit.

13.1.13     Admit that **Lidio Gutierrez** will incur reasonable and necessary future expenses as a direct result of the incident which is the subject of this lawsuit.

13.1.14     Admit that **Lidio Gutierrez** incurred damages as a direct result of the incident which is the subject of this lawsuit.

13.1.15     Admit that **Lidio Gutierrez** has incurred physical pain and suffering damages in the past, and will continue to incur physical pain and suffering damages in the future.

13.1.16     Admit that **Lidio Gutierrez** has suffered mental anguish in the past and in the future.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Lidio Gutierrez respectfully

prays that the Defendants be cited to appear and answer herein, and that upon a final

hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and

severally, for damages in an amount within the jurisdictional limits of the Court; together

with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at

the legal rate, costs of court; and such other and further relief to which the Plaintiff may be

entitled at law or in equity.

Respectfully submitted,

**VILLARREAL & BEGUM. PLLC**
2401 Wild Flower Dr., Suite A
Brownsville, Texas 78526
Tel. (956) 544-4444
Fax. (956) 550-0877

By: ___/s / *Javier Villarreal*

Javier Villarreal
State Bar No. 24028097

Daniel Torres
State Bar No. 24046985

**COUNSEL FOR PLAINTIFF**

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Filed
8/25/2015 11:31:34 AM
Esther Degollado
District Clerk
Webb District
Gloria Noriega
2015CVT002875D2

LAW OFFICES OF

# JAVIER VILLARREAL, P.L.L.C.

JAVIER VILLARREAL
DANIEL TORRES

2401 WILD FLOWER DRIVE, SUITE A
BROWNSVILLE, TEXAS 78526
TELEPHONE 956•544•4444
FAX 956•550•0877

Jv@jvlawfirm.com

*August 25, 2015*

*Via E-file*

Mrs. Esther Degollado
Webb County District Clerk
1110 Victoria Street, Suite 203
Laredo, TX 78040

Re:    **Cause No.** _____; *Lidio Gutierrez v. Sharkey Transportation, In.c and Geroge Lahr* In the District Court ___ Judicial District, Webb County, Texas.

Dear Mrs. Esther Degollado:

Enclosed for filing please find Plaintiff's Original Petition Request for Disclosure, Request for Admissions, Interrogatories, and Request for Production in connection with the above-referenced case.

Please prepare citation for service to be effected by personal delivery.

Should you have any questions, please call the office at your earliest convenience.

Cordially yours,
LAW OFFICES OF VILLARREAL & BEGUM, PLLC

Javier Villarreal

JV/cg
Enclosures

# CIVIL CASE INFORMATION SHEET

Filed
8/25/2015 11:31:34 AM
Esther Degollado
District Clerk
Webb District
Gloria Noriega
2015CVT002875D2

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE ONLY):* _____

STYLED <u>Lidio Gutierrez v. Sharkey Transportation, Inc. and George Lahr</u>
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** Javier Villarreal  **Email:** jv@jvlawfirm.com | **Plaintiff(s)/Petitioner(s):** Lidio Gutierrez | ☒Attorney for Plaintiff/Petitioner ☐Pro Se Plaintiff/Petitioner ☐Title IV-D Agency ☐Other: |
| **Address:** 2401 Wild Flower Drive Suite A  **Telephone:** 956-544-4444 | | **Additional Parties in Child Support Case:** |
| **City/State/Zip:** Brownsville, Texas 78526  **Fax:** 956-550-0877 | **Defendant(s)/Respondent(s):** Sharkey Transportation, Inc. | **Custodial Parent:** |
| **Signature:**  **State Bar No:** 24028097 | | **Non-Custodial Parent:** |
| | (Attach additional page as necessary to list all parties) | **Presumed Father:** |

**2. Indicate case type, or identify the most important issue in the case *(select only 1)*:**

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* ☐Consumer/DTPA ☐Debt/Contract ☐Fraud/Misrepresentation ☐Other Debt/Contract: | ☐Assault/Battery ☐Construction ☐Defamation *Malpractice* ☐Accounting ☐Legal ☐Medical ☐Other Professional Liability: | ☐Eminent Domain/ Condemnation ☐Partition ☐Quiet Title ☐Trespass to Try Title ☐Other Property: | ☐Annulment ☐Declare Marriage Void *Divorce* ☐With Children ☐No Children | ☐Enforcement ☐Modification—Custody ☐Modification—Other |
| *Foreclosure* ☐Home Equity—Expedited ☐Other Foreclosure ☐Franchise ☐Insurance ☐Landlord/Tenant ☐Non-Competition ☐Partnership ☐Other Contract: | ☒Motor Vehicle Accident ☐Premises *Product Liability* ☐Asbestos/Silica ☐Other Product Liability List Product: _____ ☐Other Injury or Damage: | **Related to Criminal Matters** ☐Expunction ☐Judgment Nisi ☐Non-Disclosure ☐Seizure/Forfeiture ☐Writ of Habeas Corpus— Pre-indictment ☐Other: | **Other Family Law** ☐Enforce Foreign Judgment ☐Habeas Corpus ☐Name Change ☐Protective Order ☐Removal of Disabilities of Minority ☐Other: | **Title IV-D** ☐Enforcement/Modification ☐Paternity ☐Reciprocals (UIFSA) ☐Support Order **Parent-Child Relationship** ☐Adoption/Adoption with Termination ☐Child Protection ☐Child Support ☐Custody or Visitation ☐Gestational Parenting ☐Grandparent Access ☐Parentage/Paternity ☐Termination of Parental Rights ☐Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐Discrimination ☐Retaliation ☐Termination ☐Workers' Compensation ☐Other Employment: | ☐Administrative Appeal ☐Antitrust/Unfair Competition ☐Code Violations ☐Foreign Judgment ☐Intellectual Property | ☐Lawyer Discipline ☐Perpetuate Testimony ☐Securities/Stock ☐Tortious Interference ☐Other: | | |
| **Tax** | **Probate & Mental Health** | | | |
| ☐Tax Appraisal ☐Tax Delinquency ☐Other Tax | *Probate/Wills/Intestate Administration* ☐Dependent Administration ☐Independent Administration ☐Other Estate Proceedings | ☐Guardianship—Adult ☐Guardianship—Minor ☐Mental Health ☐Other: | | |

**3. Indicate procedure or remedy, if applicable *(may select more than 1)*:**

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court ☐Arbitration-related ☐Attachment ☐Bill of Review ☐Certiorari ☐Class Action | ☐Declaratory Judgment ☐Garnishment ☐Interpleader ☐License ☐Mandamus ☐Post-judgment | ☐Prejudgment Remedy ☐Protective Order ☐Receiver ☐Sequestration ☐Temporary Restraining Order/Injunction ☐Turnover |



MONICA Z. NOTZON
JUDGE, 111TH DISTRICT COURT
1110 VICTORIA SUITE #301 3RD FLOOR
LAREDO, TEXAS 78040
OFFICE (956)523-4230
FAX (956)523-5088

ABEL SOLIZ
CIVIL COURT COORDINATOR
(956)523-4226

FERNANDO RAMOS
BAILIFF
(956)523-4227

August 27, 2015

CAUSE NO.:   2015CVT002875 D2

STYLE:   LIDIO GUTIERREZ

VS

SHARKEY TRANSPORTATION, INC.

## NOTICE OF CALENDAR CALL

Please take notice that this case is set for Calendar Call on   11/30/2015

at 11:00 AM at the 111th District Court, 3rd Floor, Webb County Justice Center.

All Calendar Call hearings will be in open Court and on the record before the Honorable

Judge Monica Z. Notzon.  Your presence is **MANDATORY** unless Counsel for Plaintiff(s) and

Defendant(s) have in place a pre-trial guideline order with both Counsel and Judge's signatures

prior to calendar call date.  This guideline order should have all appropriate dates including

pre-trial, jury selection and all deadlines.

Counsel for Plaintiff(s) please note that if you do not appear for calendar call your case may

be dismissed for lack of prosecution.

Counsel for Defendant(s) please note that if you do not appear for calendar call, a pre-trial

guideline order may be entered with or without your approval and/or signature.

If there are any questions regarding this matter please feel free to call our office at any time.

Abel Soliz
Civil Court Coordinator
111th District Court

DC:

```
** Transmit Confirmation Report **
```

P.1                                                              Aug 28 2015 02:15pm
WEBB CO DISTRICT CLERK Fax:956-523-5121

| Name/Fax No. | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 919565500877 | Fine | 28,02:15pm | 0'23" | 1 | # O K | |



MONICA Z. NOTZON
JUDGE, 111TH DISTRICT COURT
1110 VICTORIA SUITE #301 3RD FLOOR
LAREDO, TEXAS 78040
OFFICE (956)523-4230
FAX (956)523-5088

ABEL SOLIZ
CIVIL COURT COORDINATOR
(956)523-4226

FERNANDO RAMOS
BAILIFF
(956)523-4227

August 27, 2015

CAUSE NO.:   2015CVT002875 D2

STYLE:   LIDIO GUTIERREZ

VS

SHARKEY TRANSPORTATION, INC.

## NOTICE OF CALENDAR CALL

Please take notice that this case is set for Calendar Call on   11/30/2015
at 11:00 AM at the 111th District Court, 3rd Floor, Webb County Justice Center.

All Calendar Call hearings will be in open Court and on the record before the Honorable Judge Monica Z. Notzon. Your presence is MANDATORY unless Counsel for Plaintiff(s) and Defendant(s) have in place a pre-trial guideline order with both Counsel and Judge's signatures prior to calendar call date. This guideline order should have all appropriate dates including pre-trial, jury selection and all deadlines.

Counsel for Plaintiff(s) please note that if you do not appear for calendar call your case may be dismissed for lack of prosecution.

Counsel for Defendant(s) please note that if you do not appear for calendar call, a pre-trial guideline order may be entered with or without your approval and/or signature.

If there are any questions regarding this matter please feel free to call our office at any time.

Abel Soliz
Civil Court Coordinator
111th District Court

DC:

# EXHIBIT 2-B

Filed
9/11/2015 2:54:56 PM
Esther Degollado
District Clerk
RETURN Webb District
Irene Gutierrez
2015CVT002875
2015CVT002875D2

## CITATION

PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE, REQUESTS FOR
ADMISSIONS, INTERROGATORIES, AND REQUESTS FOR PRODUCTION

THE STATE OF TEXAS
COUNTY OF WEBB

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY.
IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO
ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION
OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT
JUDGMENT MAY BE TAKEN AGAINST YOU."

TO:   SHARKEY TRANSPORTATION, INC.
      BY SERVING ITS REGISTERED AGENT: JACK R. SHARKEY
      3803 DYE ROAD BOX 3156
      QUINCY,   IA 62305

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY
COMMANDED TO APPEAR BEFORE THE 111TH DISTRICT COURT of Webb County, Texas,
to be held at the said courthouse of said county in the city of Laredo, Webb
County, Texas, by filing a written answer to the Petition of Plaintiff at or
before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days
after the date of service thereof, a copy of which accompanies this citation,
in the Cause #: 2015CVT002875 D2 , styled:

LIDIO GUTIERREZ, PLAINTIFF
VS.
SHARKEY TRANSPORTATION, INC., DEFENDANT

Said Plaintiff's Petition was filed on 08/25/2015 in said court by:
      JAVIER VILLARREAL, ATTORNEY FOR PLAINTIFF
      2401 WILDFLOWER DRIVE SUITE A
      BROWNSVILLE,   TX 78526

WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued
and given under my hand and seal of said court at office, this 27 day
of August, 2015.

C  L  E  R  K    O  F    C  O  U  R  T

CALENDAR CALL COURT DATE:
11/30/2015 AT 11:00A.M.

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

BY: _____          DEPUTY
      GLORIA G. NORIEGA

2015CVT002875 D2

## OFFICER'S RETURN

Came to hand on the _1_ day of _Sep_____, 2015 at

_11:30_ O'CLOCK _A_ .M. Executed at _____,

within the COUNTY of _Camemu_ at _10:41_ O'CLOCK _10:41_ .M. on

the _4_ day of _Sep_____, 2015, by delivering to the within
named SHARKEY TRANSPORTATION, INC., each, in person, a true copy of
this citation together with the accompanying copy of the petition,
having first attached such copy of such petition to such copy of
citation and endorsed on such copy of citation the date of delivery.

The distance actually traveled by me in serving such process was
_____ miles, and my fees are as follows:

Total Fee for serving this citation   $ _____.

To certify which, witness my hand officially.

_Maria C. Salazar_____

~~SHERIFF, CONSTABLE~~ (Civil) Process Server

_____ COUNTY, TEXAS

BY _Maria C Salazar_____
Civil Process Server ~~DEPUTY~~

THE STATE OF TEXAS }
COUNTY OF WEBB      }

Before me, the undersigned authority, on this day personally
appeared _Maria C. Salazar_____, who after being duly sworn,
upon oath said that a notice, of which the above is a true copy, was
by him/her delivered to _Sharkey Transportation Inc._
on the _4th_ day of _September_____, 2015____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _4th_ day of _September_,
_2015_____, to certify which witness my hand and seal of office.

RAMON RODRIGUEZ, JR.
Notary Public, State of Texas
My Commission Expires
April 19, 2017

_Ramon Rodriguez Jr_____
NOTARY PUBLIC
MY COMMISSION EXPIRES _April 19, 2017_

**≡USPS.COM**

# USPS Tracking®


**Customer Service ›**
Have questions? We're here to help.


**Get Easy Tracking Updates ›**
Sign up for My USPS.

Tracking Number: 70143490000228538721

**Updated Delivery Day: Friday, September 4, 2015**

## Product & Tracking Information          Available Actions

| Postal Product: | Features: | | Text Updates |
| Priority Mail 3-Day™ | Certified Mail™    Return Receipt | | |
| | Up to $50 insurance included | Email Updates |
| | Restrictions Apply | |

See tracking for related item: 9590940100395071798536

| September 4, 2015 , 10:41 am | Delivered | QUINCY, IL 62301 |
| September 4, 2015 , 9:27 am | Available for Pickup | QUINCY, IL 62305 |
| September 4, 2015 , 9:17 am | Sorting Complete | QUINCY IL 62305 |
| September 4, 2015 , 8:54 am | Arrived at Unit | QUINCY, IL 62301 |
| September 4, 2015 , 4:11 am | Departed USPS Facility | HAZELWOOD, MO 63042 |
| September 4, 2015 , 12:34 am | Arrived at USPS Destination Facility | HAZELWOOD, MO 63042 |
| September 2, 2015 , 10:50 pm | Departed USPS Facility | MCALLEN, TX 78501 |
| September 2, 2015 , 6:21 pm | Arrived at USPS Origin Facility | MCALLEN, TX 78501 |
| September 2, 2015 , 4:46 pm | Departed Post Office | LOS FRESNOS, TX 78566 |
| September 2, 2015 , 11:57 am | Acceptance | LOS FRESNOS, TX 78566 |

## Track Another Package                    Manage Incoming Packages

Tracking (or receipt) number                 Track all your packages from a dashboard. Sign up for
                                             No tracking numbers necessary.        My USPS ›
                                                            Track It

# EXHIBIT 2-C

Filed
10/1/2015 3:31:08 PM
Esther Degollado
District Clerk
Webb District
Rene Gutierrez
2015CVT002875D2

### CAUSE NO. 2015CVT002875 D2

| | | |
|---|---|---|
| LIDIO GUTIERREZ | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | OF WEBB COUNTY, TEXAS |
| | § | |
| SHARKEY TRANSPORTATION, INC. | § | 111TH DISTRICT COURT |

### ORIGINAL ANSWER OF DEFENDANT SHARKEY TRANSPORTATION, INC.

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES SHARKEY TRANSPORTATION, INC., Defendant in the above entitled and numbered cause, and files this its Original Answer in reply to Plaintiff's Original Petition on file herein, and for such Answer would respectfully show unto the Court the following:

I.

Reserving the right to file other and further pleadings, exceptions and denials, this Defendant denies each and every material allegation contained in Plaintiff's Original Petition and demands strict proof thereof in accordance with the laws and the Rules of Civil Procedure of the State of Texas.

WHEREFORE, PREMISES CONSIDERED, Defendant SHARKEY TRANSPORTATION, INC. prays that Plaintiff take nothing and that Defendant go hence with its costs without day.

Respectfully submitted,

ATLAS, HALL & RODRIGUEZ, L.L.P.
P. O. Box 3725
McAllen, Texas 78502
Tel. (956) 682-5501
Fax (956) 686-6109

By: _____
Mike Mills
mkmills@atlashall.com
State Bar No. 14163500
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document has been mailed, certified mail, return receipt requested, to all counsel of record on this 1st day of October, 2015.

Javier Villarreal
Daniel Torres
VILLARREAL & BEGUM, PLLC
2401 Wild Flower Dr., Suite A
Brownsville, Texas 78526

Mike Mills

# EXHIBIT 3

```
                                      CIVIL CASE DOCKETS
Webb County Courts - Live                                           PAGE      1
DATE  10/02/15                                                      MV0260
TIME   9:05:35                                                      DCANZ


=================================================================================
CASE NUMBER . . . . : 2015CVT002875 D2    CASE TYPE :  T08  MOTOR VEHICLE ACCIDEN
PLAINTIFF . . . . . : GUTIERREZ,LIDIO,,
S.S.# . . . . . . . : 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  D.O.B.  . . . . . :
ADDRESS . . . . . . :

DRIVER LICENSE #  . :

PLAINTIFFS ATTORNEY : VILLARREAL,JAVIER,,              PHONE NUMBER: 000-000-0000
ADDRESS . . . . . . : 2401 WILDFLOWER DRIVE SUITE A
                      BROWNSVILLE               TX   78526


    VS.

DEFENDANT NAME  . . : SHARKEY TRANSPORTATION INC,,,
S.S.# . . . . . . . : 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  D.O.B.  . . . . . :
ADDRESS . . . . . . : 3803 DYE ROAD BOX 3156
                      QUINCY                    IA   62305
DRIVERS LICENSE # . :
CASE STATUS . . . . : Active         STATUS DATE . . . :  8/25/2015
CASE DISPOSITION  . :                DISPOSITION DATE  :

DEFENDANTS ATTORNEY : MILLS,MIKE,,              PHONE NUMBER: 512-682-5501
ADDRESS . . . . . . : P.O. DRAWER 3725
                      MCALLEN                   TX   78502
COURT APPOINTED . . : NO             ATTORNEY PRESENT  :

ENTRY/FILING DATE . :  8/25/2015

JUDGE . . . . . . . : M.Z.Notzon
HEARING TYPE  . . . :
ADMIN. TERM. CODE . :                IND. TERM. CODE . :

COMPLAINT . . . . . : *IMG* INJURY OR DAMAGE
COMPLAINT DATE  . . :  8/25/2015     COMPLAINT AMOUNT  :
INTEREST DATE . . . :                INTEREST RATE . . :
REIMBURSE COSTS . . : NO
COUNTER CLAIM ORI#  :                COUNTER CLAIM CASE:
TRUSTEESHIP ORI#  . :                TRUSTEESHIP CASE  :
GARNISHMENT ORI#  . :                GARNISHMENT CASE  :


ACTIVITY DATE  ACTIVITY DESCRIPTION                            ACTIVITY TYPE
------------   -----------------------------------------       -------------
8/25/2015      Case Status                                     CaseStatus
         Case Status entered as ACTV.
         Case Status ACTV: Active
         For SHARKEY TRANSPORTATION INC
               Complaint                                       Complaint
      *IMG* INJURY OR DAMAGE
               Jury Fee                                        Jury Fee
      JURY DEMAND REQUESTED AND PAID BY ATTORNEY JAVIER VILLARREAL. (GG)

8/26/2015      Court Case Assignment                           Case Assgn
```

```
Webb County Courts - Live                    CIVIL CASE DOCKETS              PAGE        2
DATE   10/02/15                                                             MV0260
TIME    9:05:35                                                             DCANZ

==================================================================================
CASE NUMBER . . . . : 2015CVT002875 D2    CASE TYPE :  T08  MOTOR VEHICLE ACCIDEN
       Court date/time: 11/30/2015  11:00   Hearing Type:   17 Clndr Call
       Assignment of court date/time.
       Status entered as Open

 8/27/2015      Hearing                                              Hearing
       *IMG* CALENDAR CALL FAXED TO ATTORNEY JAVIER VILLARREAL. (GG)
              Issuance                                              Issuance
       *IMG* 2 CITATIONS ISSUED AS TO SHARKEY TRANSPORTATION INC AND PLACED
       IN PRIVATE SERVER BOX. (GG)

 9/11/2015      Returns                                             Returns
       *IMG* CITATION RETURNED EXECUTED BY CERTIFIED MAIL AS TO SHARKEY
       TRANSPORTATION. DOS: 09/04/15. RAG

10/01/2015      Answer                                             Answer
       *IMG* ORIGINAL ANSWER OF DEFENDANT SHARKEY TRANSPORTATION, INC. RAG
```