United States District Court
Southern District of Texas
**ENTERED**
May 25, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| LIDIO GUTIERREZ, | § | |
| | § | |
| Plaintiff | § | |
| VS. | § | CIVIL ACTION NO. 5:15-CV-221 |
| | § | |
| SHARKEY TRANSPORTATION, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

## **ORDER**

Before the Court is the Parties' Agreed Stipulation of Dismissal (Dkt. No. 52). Parties in a civil suit may generally dismiss the suit without a court order upon the filing of a notice of dismissal "signed by all parties who have appeared." FED. R. CIV. P. 41(a)(1)(A)(ii). This general rule is subject to limitations in class action suits, shareholder derivative suits, suits where the court has appointed a receiver, and suits where a defendant has filed a counterclaim. *See* FED. R. CIV. P. 41(a)–(c).

The Court finds that this is not a class action suit or shareholder derivative suit, the Court has not appointed a receiver, and Defendant has not filed a counterclaim. Thus, because the Parties' Stipulation is signed by all parties who have appeared in this case, all of Plaintiff's claims were dismissed with prejudice "effective upon [the] filing" of the joint Stipulation of Dismissal. *See SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 463 (5th Cir. 2010) ("Because filing a voluntary stipulation of dismissal . . . is effective immediately, any action by the district court after the filing of such a stipulation can have no force or effect because the matter

has already been dismissed by the parties themselves without any court action.").

The Clerk of Court is directed to **CLOSE** this case, and any pending motions are hereby **DENIED AS MOOT**.

**SIGNED** May 25, 2017.

_____
Marina Garcia Marmolejo
United States District Judge